# United States District Court
# Central District of California

| | |
|---|---|
| RAFAEL ARROYO, JR., <br> Plaintiff, <br> v. <br> ANN J. CHOI, in individual and representative capacity as trustee; JSK INTERNATIONAL, INC., a California Corporation; and DOES 1-10, <br> Defendants. | Case No. 2:17-cv-01770-ODW(GJSx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [20]** |

## I. INTRODUCTION

Before the Court is Plaintiff Rafael Arroyo, Jr.'s motion for default judgment. (ECF No. 20.) For the following reasons, the Court **GRANTS** Plaintiff's motion and awards him **$5,056.50**.

## II. FACTUAL BACKGROUND

Plaintiff is a paraplegic who uses a wheelchair for mobility. (Compl. ¶ 1, ECF No. 1.) According to Plaintiff, Defendants Ann J. Choi and JSK International Corporation own the real property at issue and the APEX gas station ("Gas Station"), respectively. (*Id.*¶¶ 4, 5.) The Gas Station is located in South Gate, California. (*Id.*¶

5.) Plaintiff alleges that in January 2017, he visited the Gas Station and personally encountered barriers that denied him "full and equal access and caused him difficulty and frustration." (*Id*. ¶¶ 10, 33.) Plaintiff allegedly encountered the following barriers during his visit:

    1. No accessible parking spaces for use by persons with disabilities. (*Id*. ¶ 20.)

    2. Restroom doorway inaccessible to wheelchair users. (*Id*. ¶ 26.)

    3. Transaction counter inaccessible to wheelchair users. (*Id*. ¶ 29.)

Moreover, although Plaintiff did not personally encounter other barriers, he alleges that the toilet, mirror, and restroom sink were not accessible to wheelchair users. (*Id.*¶¶ 34–46.) Plaintiff seeks to have all barriers related to his disability remedied. (*Id.*¶ 43.) Plaintiff states that he would like to return and patronize the Gas Station again but is deterred from doing so because he has been discriminated against due to the lack of accessible facilities. (*Id*. ¶ 61.)

Plaintiff filed his Complaint on March 6, 2017, alleging violation of Title III of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("the Unruh Act"). On March 17 and March 24 of 2017, Plaintiff filed Proof of Service for Defendants Ann J. Choi and JSK International, Inc., respectively. (ECF Nos. 10, 11.) On April 4 and April 14, 2017, the Clerk entered default on both Defendants. (ECF No. 14.) Plaintiff served Defendants with a notice of the default judgment application on April 21, 2017. (*See* ECF No. 20.) Finally, on May 30, 2017, Plaintiff filed the pending default judgment application against Defendants. (ECF No. 20.) Plaintiff seeks injunctive relief, statutory damages, attorneys' fees, and costs of litigation. (Prayer, ECF No. 1.)

### III. LEGAL STANDARD

Pursuant to FRCP 55(b), a Court may grant default judgment against parties after the Clerk enters default under Rule 55(a). *See PepsiCo Inc., v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). A district court has discretion whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

1980). In exercising its discretion, a court must consider several factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). If the allegations sufficiently establish liability, the court must then determine the "amount and character" of the relief that should be awarded. *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 394 (C.D. Cal. 2005).

## IV. DISCUSSION

For the following reasons, The Court finds that the Plaintiff meets the requirements for default judgment.

### A. Procedural Requirements

Before a court can enter default judgment against a defendant, the plaintiff must satisfy the procedural requirements for default judgment set forth in the Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1. Local Rule 55-1 requires that the movant submit a declaration establishing (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice.

Plaintiff has satisfied these requirements. In accordance with FRCP 54(c), Plaintiff asks for the same remedy pleaded in the Complaint. (*See* ECF Nos. 1, 20.) In accordance with FRCP 55, Plaintiff served default notice on the Defendants

identified in the pleading and states that Defendants are not minors, incompetent persons, or in military service. (ECF Nos. 20, 20-4.) Accordingly, the Court finds that Plaintiff complied with the procedural default entry requirements.

**B.  Plaintiff's Motion for Default Judgment**

The Court finds that the *Eitel* factors favor default judgment. The Court will discuss each factor in turn.

### 1. Plaintiff Would Suffer Prejudice if Default Is Not Entered

The first factor considers whether a plaintiff will suffer prejudice if default judgment is not entered. *PepsiCo*, 238 F. Supp. 2d at 1177. When a defendant fails to appear and defend the claims, a plaintiff will be without recourse and suffer prejudice unless default judgment is entered. *Id.* Plaintiff argues that he suffered and will continue to suffer discrimination due Defendants' failure to comply with the ADA and Unruh Act. (ECF Nos. 1, 20-1.) Defendants failed to appear to contest this allegation. Accordingly, without default judgment, Plaintiff would be left without recourse and would suffer prejudice for the damages he incurred as a result of Defendants' conduct. Therefore, this factor favors entry of default judgment.

### 2. Arroyo Brought a Meritorious and Sufficiently Pled Claim

The second and third *Eitel* factors "require that a plaintiff state a claim on which it may recover." *PepsiCo*, 238 F. Supp. 2d at 1175.

#### *i.  Plaintiff Has Standing to Bring his ADA Claim*

Plaintiff must have Article III standing to bring an ADA claim. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014). To establish standing, a plaintiff must demonstrate that he or she has suffered an injury in fact, that the injury is traceable to the defendant's challenged conduct, and that the injury can be redressed by a favorable decision. *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1162 (S.D. Cal. 2006). In addition, for Plaintiff to obtain injunctive relief, he must demonstrate a significant possibility of future harm. *See San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

Here, Plaintiff properly alleges that the lack of accessible facilities at the Gas Station deterred him from patronizing the business. Plaintiff also alleges that he plans to return to the Gas Station but will continue to be discriminated against if the barriers are not removed. (ECF No. 1.) In addition, Plaintiff alleges that the Defendants' failure to remove the barriers was intentional and was the cause of his inability to patronize the establishment. (*Id*.) Finally, Plaintiff seeks an award of statutory damages and an injunction to redress his alleged injury. Therefore, the Court finds that Plaintiff meets the standing requirements, including those for injunctive relief.

### ii. *Plaintiff Has a Valid Claim Under the ADA*

Under Title III of the ADA, "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). To prevail on an ADA claim, "the plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *See Molski v. M.J. Cable, Inc*., 481 F.3d 724, 730 (9th Cir. 2007). One form of discrimination prohibited by the ADA is failure to remove architectural barriers. 42 U.S.C. § 12182(b)(2)(A)(iv). To prevail on such a claim, the plaintiff must show that (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited by the ADA; and (2) the barrier removal is readily achievable. *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Plaintiff pleads a valid ADA claim. Plaintiff alleges (1) he is a paraplegic, and that (2) Defendants' Gas Station is a business open to the public (3) with architectural barriers deterring him from visiting due to his disability. (ECF No. 1.)

Plaintiff also contends that the architectural barriers violate the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). *See Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 945 (9th Cir. 2011) (stating that barriers are

determined, in part, by reference to the ADAAG). Indeed, the ADAAG § 4.1.2(5) (1991) and § 208 (2010) provide that businesses must offer accessible parking spaces. These accessibility specifications are to be addressed by the state or local laws or regulations. *See* 36 C.F.R. Part 1191, § 502.3.3. The California Building Code (CBC) § 1129B.4 provides that, in addition to a reflectorized sign with the international accessibility symbol, clear "Minimum $250 Fine" and tow-away signage must also be posted. Finally, CBC § 1129B.3 provides that there must be a blue border around the surface of the access aisle with the words "NO PARKING" painted on it. Here, Plaintiff alleges that while there was one parking space that appeared to be for wheelchair users, there was no access aisle and no "NO PARKING," minimum fine or tow-away signage (ECF No. 20-1.)

In addition, the ADAAG § 4.22.2 (1991) and § 4.13.5 & 404.2.3 (2010) require that all doors to restrooms must have a minimum clear opening of 32 inches. ADAAG § 7.2.1 (1991) and § 904.4.1 (2010) also require that transaction counters must be a maximum 36 inches tall. Finally, the ADAAG require two grab bars on walls adjacent to the toilet (§ 4.16.4 and § 604.5), mirrors mounted no higher than 40 inches above the ground (§ 4.19.6 and § 603.3), and sink knee clearance of least 29 inches (§ 4.19.2 and § 606.2). Here, the restroom doorway passage width was less than 32 inches and the transaction counter height over 36 inches, with no lowered portion for persons in wheelchairs. Additionally, there were no grab bars near the toilet, the mirror was mounted higher than permitted, and there was no sink knee clearance. (Compl. ¶¶ 34–36.)

Finally, Plaintiff alleges that removal of these barriers is readily achievable and that alternative accommodations can be made in cases where complete removal is not possible. (Compl. ¶ 39.) For example, Plaintiff asserts that painting companies will install compliant signage on rapid notice at $300 and that general contractors can adjust transaction counters. (*Id.*)

Plaintiff's allegations satisfy his burden of production. *See Vogel*, 992 F. Supp. 2d at 1011 (compiling cases and holding that a Plaintiff's allegations that architectural barriers are easily removable was sufficient because Plaintiff's allegations are taken as true on default). Furthermore, examples of readily achievable steps to remove barriers under 28 C.F.R. § 36.304 (b) include creating designated accessible parking spaces, widening doors, and installing grab bars and full-length mirrors. As to the Defendants, since they failed to appear and defend, they failed to meet their burden of proof. The Court thus concludes that Plaintiff meets all the elements of a Title III discrimination claim and has a stated cause of action under the ADA.

### *iii. Plaintiff Has a Valid Claim Under the Unruh Civil Rights Act*

The Unruh Civil Rights Act provides that "all persons within the jurisdiction of this state are free and equal, and no matter. . . [their] disability, [or] medical condition. . . are entitled to the full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51 (b). A violation of the ADA necessarily constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f). Since Plaintiff properly alleges a cognizable ADA claim, he also properly alleges a cognizable Unruh Act claim. Therefore, the Court determines that Plaintiff's claim is valid under the Unruh Act as well.

### **3. The Sum of Money at Stake Weighs in Favor of Default Judgment**

The fourth *Eitel* factor considers "the amount of money at stake in relation to the seriousness of Defendant's conduct" in order to determine whether the damages are proper for the scope of default judgment. *PepsiCo,* 238 F. Supp. 2d 1172, 1176–77 (C.D. Cal. 2002). Plaintiff seeks an award of $8,605.00, including statutory damages, attorneys' fees, and costs. (ECF No. 20-1.) While the Court reduces the amount of attorneys' fees requested (discussed below), $8,605.00 as it applies here does not appear objectively unreasonable in light of the defendants' six alleged ADA violations. *See Vogel*, 992 F. Supp. 2d at 1012 (holding that $13,739.20 in damages and fees was reasonable for nine ADA violations). Therefore, the Court finds that the

amount of money at stake favors default.

### 4. There Is No Possibility of Dispute as to Material Facts

The fifth *Eitel* factor examines whether material facts are disputed. *Eitel*, 782 F.2d at 1471–72. Upon default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *PepsiCo*, 238 F. Supp. 2d at 1177. As discussed above, Plaintiff adequately alleged his ADA and Unruh Act discrimination claims by listing in his Complaint the barriers he encountered at the Gas Station. Further, while the photographs submitted in support of Plaintiff's Complaint do not show the complete restroom doorway and counter measurements, Plaintiff's declarations, under penalty of perjury, assert that he encountered the alleged barriers on his way to make a purchase at the Gas Station. (*See* ECF Nos. 1, 20-5, 20-7.) Overall, Plaintiff's allegations appear plausible. Further, since Defendants failed to respond to the Complaint and failed to appear, they are held to have admitted all material facts alleged in Plaintiff's pleading. *See PepsiCo*, 238 F. Supp. 2d at 1177. Accordingly, there is little to no possibility of a dispute as to material facts that would preclude granting the motion. Thus, this factor favors default.

### 5. There Is Little Possibility Default Was Due to Excusable Neglect

Defendants' failure to respond after receiving notice is unlikely to constitute excusable neglect. *See Craiglist, Inc. v. Kerbel*, No. 11-3309 at *23, 2012 WL 3166798 (N.D. Cal. Aug. 2, 2012) (deciding that since plaintiffs served defendants with the complaint and request for entry of default, the defendants' default was unlikely due to excusable neglect). Here, Plaintiff served Defendants with the Complaint and request for entry of default. (ECF No. 20.) Yet Defendants failed to appear or provide a defense. Defendants' default is thus likely not due to excusable neglect. Accordingly, this factor favors entry of default judgment.

### 6. Policy for Deciding on the Merits Does Not Preclude Default Judgment

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "a decision on the merits [is] impractical, if not

impossible" when a defendant fails to answer the plaintiff's complaint. *PepsiCo Inc.*, 238 F. Supp. 2d at 1177 (noting that "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). Here, a decision on the merits is not possible because Defendants failed to answer the Complaint. Accordingly, this factor does not preclude default judgment.

**C.     Amount of Plaintiff's Recovery**

Plaintiff seeks injunctive relief, $4,000.00 in statutory damages, $4,165.00 in attorneys' fees, and $440.00 in costs, for a total of $8,605.00. The Court will discuss each separately.

**1. Injunctive Relief**

Plaintiff seeks injunctive relief under the ADA and Unruh Act to compel Defendants to remove the barriers at the Gas Station. Injunctive relief is proper when architectural barriers at a defendant's establishment violate the ADA and the removal of barriers is readily achievable. *Moreno v. La Curacao*, 463 Fed. Appx. 669, 670 (9th Cir. 2011). A court may also grant injunctive relief for violations of the Unruh Act under §52.1(h). If violations exist, injunctive relief "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." *See Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 858, 859 (N.D. Cal. 2011).

Injunctive relief is appropriate here. Plaintiff states a meritorious discrimination claim under ADA Title III. There are several architectural barriers at the Gas Station that violate the ADA, and the removal of those barriers is readily achievable so long as the Defendants have the legal right under the lease or state law to make the necessary alterations to the premises. *See* 42 U.S.C 12181(9) (stating that whether the removal of barriers is readily achievable "depends, inter alia, on the administrative relationship of the facility to the covered entity"). Therefore, Defendants are enjoined to remove the barriers identified in Plaintiff's Complaint, to the extent that it is permitted under the lease or state law. *See* 28 C.F.R. 36.304.

### 2. Statutory Damages

Plaintiff seeks $4,000.00 in statutory damages under the Unruh Act. The Unruh Act provides that a plaintiff subjected to discrimination is entitled to no less than $4,000.00. Cal. Civ. Code § 52(a). A plaintiff need only show that he was denied full and equal access. *Hubbard v. Twin Oaks Health and Rehab. Ctr.*, 408 F. Supp. 923, 932 (E.D. Cal. 2004) (holding that "a plaintiff is denied full and equal access only if the plaintiff was deterred from accessing a place of public accommodation on a particular occasion"). Here, Plaintiff submitted sufficient evidence showing that barriers at the Gas Station denied him full and equal access by deterring him from accessing several public areas. Accordingly, Plaintiff meets the requirements of the Unruh Act, and an award of $4,000.00 in statutory damages is appropriate.

### 3. Attorneys' Fees

Plaintiff requests $4,165.00 in attorneys' fees. (*See* ECF No. 20-4.) Local Rule 55-3 provides that for judgments between $1,000.00 and $10,000.00, the court may set attorneys' fees at $300.00 plus 10% of the amount awarded over $1,000.00. The Court awarded Plaintiff $4,000.00 in statutory damages. Accordingly, the Court awards Plaintiff $616.50 in attorneys' fees. *See Moreno*, 463 Fed. Appx. at 671 (ruling that though the Plaintiff considered a similar $600 fee to be inadequate, "the district court did not abuse its discretion in awarding attorneys' fees under the default fee schedule.").

### 4. Costs

As the prevailing party, Plaintiff is also entitled to costs as set forth in 29 U.S.C. 1920, FRCP 54 (d)(1), and Local Rule 54-2. The Court accepts counsel's declaration and awards $440.00 in costs. (*See* ECF No. 20.)

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's motion for default judgment (ECF No. 20.)

The Court **AWARDS** $4,000.00 in statutory damages, $616.50 in attorneys' fees, and $440.00 in costs, for a total of **$5,056.50**. The Court also enters an injunction against Ann J. Choi and JSK International Inc., compelling them to provide an accessible parking space, restroom doorway and transaction counter, and to comply with all the other ADAAG requirements to the extent they have the power to do so under the terms of any applicable lease agreement and state law.

**IT IS SO ORDERED.**

June 26, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**